The first case is United States v. Piccarreto, and I think we're ready to proceed. Good morning, Your Honors. May it please the Court, Tim Murphy, Federal Public Defender's Office, representing Mr. Piccarreto. I'd like to address the waiver of appeal issue, as well as the Court not specifying the specific section of the securities law with regards to the enhancement argument. If I have time, I may make a few comments about the restitution issue. Jumping into the appeal waiver, Your Honors, the record does not clearly establish that my client made a knowing and voluntary decision. And we say that for three primary reasons. First, the district court made what we would describe as an ambiguous and somewhat inaccurate description of paragraph 34 of the plea agreement, which was the appeal waiver. And what I mean by that is the Court said that it would impose a sentence in accordance with the guidelines. And if that were the case, then the appeal waiver would be valid. However, the plea agreement itself got more specific. Paragraph 34 refers back to paragraph 12, which says 151 months or less. This statement by the district court judge gives the impression that if my client disagreed, that the guidelines were held to, that perhaps he could appeal. It's an unnecessarily ambiguous statement. What we do in the- Go ahead, Judge. It's likely enough to have injected confusion. I mean, the rest of the-at the colloquy, all the questions about you haven't been forced, forced to enter this plea. He signed the plea agreement. He acknowledged that he'd gone over it with counsel. So you're really pointing to a couple of words and one phrase by the district court. We're focusing on that because the actual issue of waiving the appeal is there on 847 of the record. I don't dispute what you say, Judge. I would point this out, though. In the Western District, the common practice is on the record at least to refer to the paragraph of the plea agreement where the appeal waiver is. I don't even like that. But what other judges do is actually say the number of months. That would just be more clear here. My client had one brush with the criminal justice system like 20 years ago. He's never had an appeal waiver in his life in front of him. And the other point of this, it's also on 847 of the record. I appreciate that the government submitted a supplemental appendix which addresses pages 14a, b. And I won't say what they are. They're sealed. But that does address that point that we made in our brief. But what it doesn't address is the reference by the district court to 8a. Paragraph 8a it describes. And the reason why I get into this in the brief is that something like 30 times in a row my client keeps saying, as is customary, yes, Your Honor. Yes, Your Honor. And what he is agreeing to here makes no sense. 8a of the plea agreement is talking about a reduction in the offense level by two levels because a minimal participant. It has nothing to do with what the court is talking about here. My only point is that it shows that my client really was not answering in a meaningful way. I'd ask you to consider that when you're considering the appeal waiver. The last point in that regard is the restitution issue was not referenced on 847 when this specific issue was addressed with my client. I do want to just point out that this court in Rosa many years ago addressed specifically the record there because the court believed, and this was kind of dictum, but it was the thoughts of this court in 1997, that when you're evaluating an appeal waiver, it's important to also consider the scope of how much the defendant actually understood. And that's why I'm asking you to dig into the record like this. Are there cases, counsel, where the court, after going through a plea agreement that contains a similar waiver, then either at the plea agreement stage or at sentencing tells the defendant, by the way, you have the right to appeal this sentence, just forgets about the appeal waiver. Sometimes the court is reminded, sometimes the court is not. And aren't there cases that say, even under those circumstances, the defendant understood that his or her right to appeal was limited? No doubt this circuits case law and appeal waiver is very deferential in that regard, yes. These circumstances here, someone that had very little contact with a criminal, I'm not saying he's completely uneducated, high school degree, a little bit more than that, but no sophistication at all with regards to this issue. Under these circumstances, we'd ask that you find it invalid. And I would ask the court to distinguish Torellis, which was cited by the government. I'm not disputing the idea that giving a one-word affirmation necessarily tells the whole story. Many transcripts have a defendant saying, yes, Your Honor, that's fine. But it has to be seen in context here. But then any time any defendant says, well, you know, my level of sophistication is such that I didn't really understand what I was agreeing to. I mean, he's represented by counsel. He assures the court he's read the agreement. The court refers to the correct paragraph in the agreement. The agreement says, notwithstanding the manner in which the government determines the sentence, in which, I'm sorry, the court determines the sentence. Why is that ambiguous when, you know, why can't the court rely on the representations of your client and counsel that he's read the agreement, he's reviewed it? Only that it seems to be superseded by what's being said in court, superseded to the extent that the court brings ambiguity into the situation. Please. Only that I'm not disputing that this court has approved of the Western District's waiver before. So I'm not disputing the substance of what you're saying in that regard. I'm sorry, Judge. Well, I'm thinking about this notion of the ambiguity but also this notion of context. And you point out the serial, yes, Your Honors. But just a couple of pages before the court lays out the agreed-upon guidelines calculation and says what the guidelines calculation is. So a page and a half later when the court says, and you understand that if the sentence is within that, isn't the more logical understanding of that the guidelines calculation that we just, you just told me you agreed to, which is the 151 months, rather than some new guidelines calculation that's not what we talked about? I guess the problem is when I'm talking about context, yes, I'm focusing again, as the Chief was mentioning before, I am focusing like a laser beam on A-47 because that's when the appeal waiver question's asked. But the reason why I'm doing that is that, yes, the discussion does make sense before. It makes sense after. But what's going on at this point is that the court is saying anything. And my client is just giving yeses to. I mean, that's why I bring up the point about paragraph 8A being inappropriate right after that. My client will say yes to anything at this point. And that's how I would distinguish it from other cases where this court's been deferential. And with respect to restitution, again, in the context, because I looked at that too. There wasn't any specific question about waiver as it related to restitution. But there's a page and a half discussing in great detail the agreement as to his exposure to restitution. And then the very next question is, you're limiting your right to appeal the sentence, which presumably encompasses all of what they've just discussed, and collaterally attack the sentence. And so does he really need to repeat all the restitution stuff that he just talked about? No. It does seem in A47 that the issue of appeal waiver is being addressed kind of an anew. I would expect some reference to it. You see that in the agreement itself at paragraph 34. Naturally, you see the number. It refers back to the paragraph that has the number of months. And then it says also no more than, I think, $20 million or so. You would expect to see it there is really our point. But I recognize your point as well, Judge. I am over my time. May I make just a quick comment about the enhancement? We are asking that this court follow the Seventh Circuit and Wilkinson. Wilkinson was addressing a commodities law violation, an analogous enhancement under 2B1.1. I'm not saying it's directly on point. I think it's analogous, though. And there's really just four reasons very quickly that I'd ask you to consider this. Number one, specificity here on the specific securities law section would have put my client on notice as to whether he needs to dispute any of the elements here. When you look at the commentary, it's very clear that the commission did not believe that securities law was the same thing as a general fraud conviction. No question about that. I would call it a term of art. The definition in the commentary refers to eight different specific statutes under securities law. My point to you is this. We do not believe it's obvious from the record that he violated securities law provision just because he pled to conspiracy to commit mail fraud. I appreciate the government in their brief coming up with an example of a securities law they believe that he violated. Our point is we don't know what the court was thinking. There are other securities law violations we believe that perhaps he wouldn't meet the elements for. And because it's so vague on the record, we don't know what that is. And that is our point with regards to the enhancement. But, I mean, in terms of putting him on notice, in the plea colloquy, they specifically discussed the enhancement. He agreed that it involved a violation of securities law, that there was this initial question of, oh, was he a broker-dealer? No, but he was associated both on, oh, yeah, okay. And then the court goes on. Do we have to forget that that whole conversation took place in trying to figure out? No, and you're going towards the issue of whether associated with or being registered. No, we don't have to forget that. And I understand that point. But the court never refers to a specific provision of the securities law at any point. Right, because he agreed that the offense involved a violation of securities law. And so it sort of, once the defendant says, oh, yeah, I agree to that, you can see why the court wouldn't feel the need to cite chapter and verse, because it doesn't appear to be in dispute. Should have been objected to, for sure. That's why I am asking you to reach it in plain error. No, what you're saying is absolutely correct on that, Judge. But what we're left with now is, again, vagueness. If it was obvious that you violated the securities law, which I say is a term of art, by just pleading to conspiracy to commit mail fraud, then I would say we'd have no point at all. But because there's no specificity here, we don't know what the court was actually thinking when the court said securities law. You're not claiming that the factual record doesn't support that enhancement, are you? I can't make the argument that it doesn't support any violation of the securities law. I just don't know which one that the court was referring to, by not being specific. And it doesn't matter? We believe that it does. We believe that it does. It would place my client, again, I said on notice, much more transparent record, better for appellate review, considering the size of this matter, the number of victims and so forth. It's something that should have been more specific on the record. And what would be the basis for saying it's plainly erroneous? The reasons that we just mentioned being that without a transparent record, my client is not able to specifically contest any element that might not be included under the convicted charge. I think that would be our main argument for plain error. Thank you for your time. I appreciate it. Thank you. Thanks. Good morning. May it please the court, Catherine Gregory representing the United States. This court should enforce the appeal waiver provision and dismiss the appeal because the record clearly demonstrates that Mr. Picarito knowingly and voluntarily entered the agreement and that he understood all of the provisions. We know this because Mr. Picarito confirmed that he had discussed the plea generally and the terms with his attorney. The district court cited the appeal waiver and reviewed the restitution order and explicitly asked if he understood those separate provisions. He confirmed that he did. When given the chance to ask questions of the court or of his attorney, he declined. And nothing else in this record indicates any confusion on Mr. Picarito's part about either the agreement broadly or those provisions specifically. And finally, he never challenged or moved to withdraw his plea. He never questioned the amount of the restitution order or the appellate rights he was giving up. And so this record does clearly demonstrate that he understood these provisions and this court should dismiss this appeal. One of the aspects of the restitution order that he challenges is not the amount of the restitution but the fact that the court said it's due immediately and it's due in payments over time, and I guess the challenge is the statute contemplates one or the other but not both. I'm wondering what in the plea colloquy I can look to to satisfy myself that he understood that he was waiving a challenge to the manner of repayment of the restitution as opposed to the amount. Yes, I would start with the plea agreement itself, Your Honor, and the restitution provision. Specifically, I'm looking at 824 paragraph 31 where it says that the payment will be due and payable in full immediately and subject to immediate enforcement and that he understands that any schedule imposed by the court is merely a minimum schedule of payments. Now, I would have to refer again to the colloquy itself to find that specific page. I apologize that I don't have it offhand. But that is referenced very specifically in paragraph 31 of the agreement, and that's consistent with the MVRA which says that it directs immediate payments except in the interest of justice. The default is for an immediate payment except in the interest of justice, and that's what the court did here. While he's incarcerated and on post release supervision in the interest of justice, it makes sense for him to have a schedule of payments based on a percentage of his income. So again, coming back to the waiver question, I understand that's in the written agreement. What I was just trying to figure out is I'm looking at the colloquy, all right? Because usually we have a written agreement, but we look to make sure that the defendant has looked the judge in the eye and said, yeah, I understand that or, yeah, I waive that. And it may well be in there. I'm just trying to find where it is in terms of that aspect of it. And, Your Honor, again, I apologize I don't have the precise page. I could find that and submit it in a brief letter to the court after the argument if that would be helpful. But with respect to that payment being due immediately, as I said, 3572D does direct that these payments typically are due immediately. They also allow the district court to modify restitution order schedule of payments. So the defendant has the burden of demonstrating his financial condition. If after he is released and off post release supervision, he determines that he can't make the schedule or that he can't make payment immediately, then he can move the court to modify the restitution order. Those are all part of the MVRA. And as the Supreme Court said in Dolan, the primary purpose of these provisions, which may appear strict or as appellant styles them, unrealistic, is that the primary purpose is to ensure prompt restitution and not necessarily immediate absolute certainty as to how much he can pay and when. Is the way to understand the payment plan during the duration of the sentence, not that that's the restitution order for the sentence, but the restitution order is due immediately, but we're not going to hold you in contempt if you comply with these provisions during the course of your sentence. I'm just trying to figure out how to reconcile what's the sentence, due immediately and then also due over time. Yes, so if you look at the judgment, I think it explains it a little better on page 113. So payment to begin immediately, and then it says combined with F, which are those special instructions for the schedule. So it seems fairly clear from this, to me at least, that the defendant, while he's incarcerated, has this schedule. And then once the schedule expires upon his release, it is due immediately. And that is because the MVRA puts this lien in favor of the government. It acts like a civil judgment. I'm sorry, you're nodding. I might be explaining what you already understand. If I'm not answering the question, please feel free to interrupt me. But it treats it as a civil judgment. And at least the practice, the government's practice is when he's about to be released, usually we request some kind of statement of financials to see where he's at. And then we work with him upon his release to figure out a percentage of his income that would work. And that's the flexibility that treating it like a civil judgment, as directed by the MVRA, allows the government to do. And again, if that is unrealistic, or as the appellant says, or unfeasible, or whatever the case may be, he can move to modify the district court to say immediate payment is unfair or not happening. I will point out, though, in the PSR, the treating it like a civil judgment helps because he could come into an inheritance, an insurance windfall, any number of possibilities. And if it is not due immediately, if we don't have that language, typically the government won't be able to collect anything above that schedule. So if the schedule, for example, said $5 a month based on where he is at right now that he's incarcerated, and he suddenly came into an inheritance or some kind of financial windfall, the government would not be able to collect that for restitution purposes necessarily unless that restitution order also provides that it says it's due immediately. That's the Martinez case. Yes. Yes and no. So Martinez was a little different. Martinez doesn't say that they're mutually exclusive. I just want to clarify. I get that. Mr. Picarito kind of argues that it says that you can only have one or the other. It just has to be clear in the order. And this judgment- And the order itself here on A113 does provide that full restitution, that the payment schedule or immediate payment is due if the defendant gets an inheritance, settlement, insurance, lawsuit, or otherwise comes into the funds. Yes, that's exactly right, Your Honor. And that's why it has both of those. It's due immediately and while you're incarcerated, Mr. Picarito, here's the schedule you can adhere to based on what you may or may not earn while you're incarcerated. So these provisions were outlined in extensive detail in the plea agreement. He confirmed that he had reviewed these provisions with his attorney. He had no questions about them. Again, he's not even saying that the amounts of the restitution are incorrect. And there's no basis to find plain error in this, let alone plain error that affects his substantial rights. If you wanted to address what the plea colloquy might shed light on this issue in a letter, why don't I ask that by the end of day next Tuesday you could address just that issue in a one-page letter by the end of the day on Tuesday. And the appellate, by the end of the day on Thursday, can submit any response that you might want to respond just on what the colloquy might say on this issue. Can I just ask, going back to where we started, this language, what is your take on this language of the district court? He says, if, in fact, the court imposed a sentence in accordance with the guidelines, and obviously that's not perfectly correct. He may have meant in accordance with the guidelines range I just recently referred to a few pages back. But how should we read this in context? And why doesn't that inject some ambiguity into the colloquy that we should be concerned about? Well, it's exactly as Your Honor says. It's the context. It's the whole record. The record has to clearly demonstrate that it was knowing and voluntary. And the district court, when it's reviewing the sentencing guidelines, it does cite the numbers specifically agreed upon by the parties at 844, which is the 121 to 151 months. So I don't think that this court has ever said you're supposed to cherry pick particular questions and answers. It's a colloquy. It's a dialogue between the parties in order to ensure that this defendant, that any defendant, understands these terms. So as Your Honor said, it's not perfect. It's not an exact recitation of the entire plea agreement verbatim. But the district court is also discussing this with the defendant, reviewing his demeanor, telling him that he can ask questions of his attorney, asking him if he has any questions for the court. And in the full context of this colloquy, the record does clearly demonstrate that he understood the waiver of the right to appeal provision, including that the sentencing guidelines range was what he was referring to, which was that 121 to 150 months. And again, the ultimate sentence here was, I believe, 84 months, well below the range the parties ended up agreeing upon. I do want to address Rosa just briefly, if I could. Rosa had to do with an ambiguous and confusing written provision that actually waived the right to appeal even above the sentencing guidelines range. So really, it was very different than the provision at issue here, which was at or below the 121 to 151. I just don't think the two are comparable when Rosa had to do with that very ambiguous, you're waiving your right to appeal, essentially, no matter what the sentencing guidelines range ended up being. And that was the issue that the court had in Rosa. So while we would urge the court to enforce the appeal waiver provision and dismiss this appeal, there is no basis to find plain error on either of the issues raised by Mr. Picarito. Thank you. Thank you, Your Honor. Very briefly, just on Rosa since that was spoken about last. Rosa was that the Eastern District waiver of appeal that this court criticized up and down but said it was acceptable. I don't dispute that it's distinguishable. My only point is that I need the court to get into the weeds in the transcript, as Rosa did. Page 101 is where it's described. That was my only point there. I'll ask the court to also take a look at this was cited, I think, from both sides. It's unpublished, of course. My best case is always unpublished. Kelsey, 807, and you have it in the briefs. 807 Fed Appendix 61 at 66. So what they were dealing with there was an immediate order for restitution, and the court also waived interest. This court found that to be ambiguous and sent it back. It's not a published decision. I think the reason why I found it is the last time I think Walker was cited to, so I stumbled onto it. I would just ask you to consider that. This court has considered certain types of ambiguities before in restitution orders. I guess a question I have is if we follow your approach, then what we're saying to trial judges is every single word during a plea, call it plea, which sometimes can take an hour, matters. And if you say one word that could possibly be perceived as being ambiguous, even though you've explained what the appeal waiver is in detail, now all of a sudden it doesn't matter that you ask the defendant if he had any questions, if he spoke to his attorney, if he understood what the sentence he was agreeing to would be, and that he was limiting his right to appeal that sentence. It feels like in one hour or less or more exchange, if the court says something even ever so slightly that could cause ambiguity, now a defendant can undo a plea agreement? This court's case law has become so much more sophisticated with sentencing, 3553. You don't have to recite everything in your head as a sentencing judge. I understand what you're saying. You don't want to be cherry-picking any transcript on any appeal. Cherry-picking by definition means that it's out of context. The reason why we're focused like a laser beam on 47 is that's when the issue of appeal waiver actually came up. I'm not trying to ignore the rest of the transcript, but when the issue of waiving the right to appeal comes up, the court just can't add ambiguity to the situation. I think I would leave it there, and I recognize the court's concerns. Unless there's anything further. Thank you. Thank you both, and we'll take the matter under advisement.